NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SYLVESTER TUOHY,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DEPARTMENT OF TAXATION**, <br><br> Defendant. | Civil Action No. 24-8269 (ZNQ) (JBD) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss the Complaint filed by Defendant Department of Taxation, State of New Jersey ("Defendant"). ("Motion", ECF No. 6.) Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Pro se* Plaintiffs Sylvester Tuohy and Yongjie Tuohy ("Plaintiffs"), a married couple, submitted a response in opposition ("Opp'n Br.", ECF No. 7) and Defendant filed a reply ("Reply", ECF No. 10).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    This action arises out of an underlying tax determination by Defendant against Plaintiffs and the subsequent challenge to that determination in New Jersey state court. From what can be

discerned from the Complaint, and upon review of Plaintiffs' related state court actions attached to Defendant's Motion,[1] Defendant conducted an audit in 2017 of Plaintiffs' 2014 joint New Jersey Gross Income Tax return and found Plaintiffs liable for $1,003 based on their erroneous exclusion of certain income. (ECF No. 6-1, Ex. 1); *Tuohy v. Director, Division of Taxation*, 32 N.J. Tax 561 (N.J. Tax Ct. 2022). Specifically, Plaintiffs reported $107,125 in wage income and excluded the following from their gross income total: $13,880 in dividends, $13,528 from the sale of stocks, and $11,573 withheld from Plaintiff Sylvester Tuohy's ("Mr. Tuohy") wages for contribution to his I.R.C. § 403(b) retirement plan. *Tuohy*, 32 N.J. Tax at 566-67. Plaintiffs additionally claimed a resident tax credit for income subject to tax in the State of New York. *Id*. at 567. On Plaintiffs' 2014 federal income tax return, however, they did report the income earned from dividends and stock sales and also claimed a long-term capital loss carryover. *Id.*

Following its audit, Defendant added to Plaintiffs' gross income the dividends, capital gains without carryover losses, and retirement contributions withheld from Mr. Tuohy's salary, which increased Plaintiffs' gross income to $146,106. *Id.* The auditor also recalculated Plaintiffs' resident tax credit. *Id.*

Defendant issued a notice of deficiency to Plaintiffs for $1,003 but ultimately abated the penalties of the deficiency judgment, lowering the amount owed from $1,003 to $866. *Id*. at 568. Plaintiffs challenged the deficiency judgment and proceeded through Defendant's internal appeals

---

[1] In addition to the Complaint, the Court considers, as matters of public record and documents integral to and relied upon in the Complaint, the opinions and orders entered in the underlying state court proceedings involving Plaintiffs. *See John G. v. Northeastern Educ. Intermediate Unit 19*, 490 F. Supp. 2d 565, 575 (M.D. Pa. 2007) ("If the motion is treated as a facial attack, the court may consider only the allegations contained in the complaint and the exhibits attached to the complaint, matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies, and 'indisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss.") (citing *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993)); *see also Burlington Coat Factory,* 114 F.3d 1410, 1426 (3d Cir. 1997) (courts can consider documents "integral to or explicitly relied upon in the complaint").

process. *Id.* Defendant issued a final determination upholding the deficiency notice and Plaintiffs timely appealed the final determination by filing a complaint in New Jersey Tax Court ("Tax Court"). *Id.*

The Tax Court rejected Plaintiffs' arguments and granted summary judgment for Defendant. First, the Tax Court upheld the Defendant's resident tax credit calculation in which Defendant included in Plaintiffs' New Jersey income the amount used to pay alimony to Mr. Tuohy's former spouse. *Id.* at 575. Moreover, it upheld Defendant's decision to include as part of Plaintiffs' gross income the dividends, net gains, and wages withheld to fund an I.R.C. § 403(b) retirement plan. *Id.* at 576. The Appellate Division affirmed, and the Supreme Court of New Jersey denied Plaintiffs' petition for certification.

On July 29, 2024, Plaintiffs filed the instant action in this Court against Defendant. (Compl., ECF No. 1 at 3.) Specifically, Plaintiffs allege that: (1) alimony payments were "wrongly used on NJ 1040 Return Schedule A line 3 on the denominator – thus making credit for taxes paid to [New York State] smaller and [New Jersey] taxes higher"; (2) a 403(b) pension plan "shown on W2 line 12[(b)] (E) $11, 573 . . . is deferred income . . . not received until retirement but used to increase wages on 2014 tax audit"; and (3) "Carry forward of Stock Losses . . . for more than 50 years sched[ule] D of IRS 1040 lines 3 and 7 here [indiscernable] for carry forward of Stock Losses." (*Id.*) Plaintiffs seek $866 plus fees and interest as well as a ruling purporting to enjoin Defendant from repeating "the aforementioned issues." (*Id.* at 4.) Defendant filed the instant motion on October 1, 2024. (ECF No. 6.)

## II. SUBJECT MATTER JURISDICTION

Plaintiffs allege that the Court has federal question jurisdiction under 28 U.S.C. § 1331. (Compl. at 2.)

3

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).

A facial attack "is an argument that considers the claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id.* at 358. "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Id.* So, "a facial challenge . . . contests the sufficiency of the pleadings," *In re Sobering Plough*, 678 F.3d at 243, "whereas a factual attack concerns the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites," *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks and citation omitted) (second alteration in original). "A factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." *Aichele*, 757 F.3d at 358 (finding that it was error for the district court to analyze a 12(b)(1) motion as a factual attack when it was filed prior to any answer or other presentation of competing facts)).

Defendant asserts through its Motion that the Court lacks jurisdiction to hear the case under the *Rooker-Feldman* doctrine, the Tax Injunction Act, and principles of comity. (Moving Br. at 6.) Defendant filed its Motion "before [it] filed any answer to the Complaint or otherwise presented competing facts[,]" which renders it a facial attack. *Aichele*, 757 F.3d at 358; *see also*

*Leadbeater v. JPMorgan Chase, N.A.*, Civ. No. 16-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017) ("When a party moves to dismiss prior to answering the complaint . . . the motion is generally considered a facial attack."). The Court therefore examines Defendant's Motion as a facial attack and presumes the factual allegations in the Complaint are true. *See In re Schering Plough*, 678 F.3d at 243 ("In reviewing a facial attack, the court must only consider the allegations of the [pleading] and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."); *see also Aichele*, 757 F.3d at 358 ("Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing alleged facts in favor of the nonmoving party.").

## IV.   DISCUSSION

Here, after construing the Complaint liberally, the Court finds that, to the extent Plaintiffs seek relief from final state court judgments, the Court lacks subject matter jurisdiction over Plaintiffs' claims under *Rooker-Feldman*.

The *Rooker-Feldman* doctrine precludes "lower federal jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." *Parkview Assocs. Pshp. v. City of Leb.*, 225 F.3d 321, 325 (3d Cir. 2000) (quoting *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998)). The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[ ] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Rather, review of a decision by a state court can only be had in the state's appellate courts or in the United States Supreme Court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *see also* 28 U.S.C. § 1257. "The [*Rooker-Feldman*] doctrine is jurisdictional

in nature, precluding further federal review." *Turetsky v. Turetsky*, 402 F. App'x 671, 673 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010)).

For the *Rooker-Feldman* doctrine to apply, the following must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In other words, the *Rooker-Feldman* doctrine "applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

Here, the Court agrees with Defendant that it does not have jurisdiction under *Rooker-Feldman* because the Complaint seeks the Court's review and reversal of a state court judgment. Beginning with the first and third prongs of the *Rooker-Feldman* analysis, this case was "brought by [a] state-court loser" concerning a "judgment[ ] rendered before the district court proceedings commenced." *Exxon Mobil Corp.*, 544 U.S. at 294. As detailed above, the Tax Court entered a final judgment of dismissal on March 1, 2022, and the New Jersey Supreme Court denied certification on July 11, 2024, while the Complaint was filed on July 29, 2024. Thus, Plaintiffs lost in state court and the state court judgment was rendered before a federal suit was filed.

Further, as to prong two, Plaintiffs have come to federal court because of those adverse state court judgments. The essential injury complained of is Defendant's deficiency determination and the state court decision that upheld the deficiency. (*See generally* Compl.) Plaintiffs raise the

same challenges and seek the same relief here as they did in state court and allege that the New Jersey Supreme Court's denial of Plaintiffs' petition for certification gave rise to their injury. (*Id.* 3–4.) If Plaintiffs had been successful in state court, there would be no injury requiring redress here. Finally, as to prong four, Plaintiffs are asking the Court to review and overturn the state court judgments. Plaintiffs' requested relief is $866 and a declaration from this Court as to the alleged miscalculations and misapplication of tax law by Defendant, arguments which the Tax Court already addressed and rejected. In short, Plaintiffs invite this Court to review and reverse the Tax Court judgment. In this way, the Complaint is essentially an appeal that does not raise a federal question.

Therefore, the Court finds that the Complaint meets the elements under *Rooker-Feldman*: Plaintiffs lost in state court; are now complaining of injuries arising from those losses; the final state court judgments were rendered prior to this action; and review by this Court would render the prior state judgments ineffectual. *See Silverberg v. City of Philadelphia*, Civ. No. 19-2691, 2020 WL 108619, at *15 (E.D. Pa. 2020) (holding that *Rooker-Feldman* applies to plaintiff who effectively sought review of default judgment against him related to unpaid taxes), *aff'd* 847 F. App'x 152, 155 (3d Cir. 2021). Because this Court cannot hear appeals from state court judgments, and the Complaint raises no original federal matters, the court lacks subject matter jurisdiction and will grant Defendant's Motion.[2] *See FOCUS*, 75 F.3d at 840 ("*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling.").

Given the foregoing, the Court finds that further amendment would not cure the deficiencies identified herein and it would therefore be futile to provide Plaintiffs with an

---

[2] Because the Court finds that it lacks jurisdiction under the *Rooker-Feldman* doctrine, it does not address Defendant's alternative bases for dismissal.

opportunity to amend the Complaint. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002); *see also Ajjahnon v. The State,* 238 F. App'x 769, 771 (3d Cir. 2007) (affirming dismissal without leave to amend of action barred by *Rooker–Feldman* doctrine). Therefore, this case can proceed no further in this Court.

## V. CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion and dismiss the Complaint without prejudice and without leave to further amend the claims. The Clerk's Office will be instructed to mark this matter CLOSED. An appropriate Order will follow.

Date: **05/16/2025**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
